UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. B-21-260 |
| RICO GIOVANNI MACHIETTO, Defendant | § § § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas, and Ana C. Cano, Assistant United States Attorney, and the defendant, **RICO GIOVANNI MACHIETTO** ("Defendant"), and Defendant's counsel, Edmund K. Cyganiewicz, pursuant to Rule **11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges Defendant with **Receipt of Child Pornography,** in violation of Title 18 United States Code Sections 2252A(a)(2)(B) and 2252A(b)(1). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt. _RM_

### Punishment Range

2. A violation of Title 18 United States Code Section 2252A(a)(2)(B) and 2252A(b)(1) **Receipt of Child Pornography** [Count 1] has a statutory mandatory minimum penalty of 5 years and a maximum of 20 years imprisonment, and a fine of not

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

OCT 0 5 2021

NATHAN OCHSNER
CLERK OF COURT

more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. See Title 18, United States Code, Sections 3559(a)(3) and 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. See Title 18, United Stated Code, Sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole. _RM_

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

5. Pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess no more than:

(1) $17,000.00 if the Defendant is convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

(2) $35,000.00 if the Defendant is convicted of any other trafficking in child pornography offenses as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251 (d), 2252(a)(1) through (3), **2252A(a)(1) through (4)**, 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

(3) $50,000.00 if the Defendant is convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in chase in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

### Immigration Consequences

6. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from

3

the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty. ₱M

## Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers. ₱M

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that

the United States Sentencing Guidelines are "effectively advisory" to the Court. See *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range. _RM_

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement. _RM_

### The United States' Agreements

10. The United States agrees to each of the following:

(a)  If Defendant pleads guilty to Count 1 of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will recommend the defendant be sentenced to the low end of the sentencing guideline level the defendant scores;

(b)  If the Court determines that Defendant qualifies for an adjustment under section (Acceptance of Responsibility) 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

(c)  Finally, the Government agrees to dismiss the remaining count at the time of sentencing. _RM_

### Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only

5

the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

*RM*

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined. *RM*

### Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant

6

nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement. _RM_

### Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree. _RM_
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; _RM_ and

7

(c)　At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf. _RM_

## Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 1 of the Indictment. If this case were to proceed to trial, the United States would be able to prove each element of the offense of Receipt of Child Pornography, beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

On July 24, 2018, Rio Grande Valley Child Exploitation Task Force- Homeland Security Investigations received an investigative referral generated by National Center for Missing and Exploited Children (NCMEC). The referral was based on a report from Facebook, Inc., which identified a Facebook user "Rich Caballero" as receiving files of child exploitation material via the social media application. The supporting evidence consisting of 5 images was analyzed by HSI agents and determined that the images depicted four prepubescent children ranging in age from toddler to approximately 15 years of age. Two images depicted a female toddler naked from the waist down. The report provided the IP (Internet Protocol) address as 67.48.179.2, hereinafter referred to as Suspect IP. HSI agents obtained the subscriber information for the Suspect IP with the associated address of 580 Champions Drive in Harlingen, Texas. Furthermore, Agents discovered Rico Machietto as the registered owner of the aforementioned address. On October 31, 2018, HSI Special agents conducted mobile surveillance and observed a

8

man driving a tan Toyota Tacoma registered to Rico Machietto leave 580 Champions Drive in Harlingen, Texas. Agents followed the man to Vermillion Elementary School in Brownsville, Texas where he parked the vehicle in the staff parking area. It was determined that Defendant Machietto was employed as a teacher at Vermillion Elementary.

In addition to the IP addresses associated with the Facebook User, HSI obtained the connection records or records of session times associated with the unique Facebook unique identification (100025562328408) between the dates of December 1, 2017 and June 1, 2018. Records show that Machietto - identified as Facebook User 100025562328408 - was communicating with minor girls located in the Philippines through Facebook. The Defendant would ask the girls if they were in school, if they were poor and if they were single. After befriending the minors, he would ask for them to send nude pictures of themselves.

### DEFENDANT'S COMMUNICATIONS WITH MINORS AND MONEY TRANSFERS

Records show that Defendant communicated with various minor girls via Facebook and Facebook Messenger:

- On or about May 6-11, 2018, Defendant communicated with minor KAP.
- On or about May 6-10, 2018, Defendant communicated with minor CSA and with 3 other minors introduced to him by CSA.
- On or about May 6, 2018, Defendant participated in a video call with J, age 12 and C, age 11. In the messages, Defendant refers to J as his "gf" or girlfriend and asks for images from her.
- On or about April 25-May 14, 2018, Defendant conversed with JW III who is 15 years old.
- On or about May 13-15, 2018, Defendant communicated with minor BHS. In his messages Defendant persuades BHS to send pictures of herself in exchange for

money. Furthermore, he threatened BHS to send the pictures of her to her boyfriend unless she sent a picture to Defendant with her top off. The communication ends with him trying to convince BHS to send him a picture of her exposed breasts with her face in exchange for a Western Union Transaction for $6,417.84 PHP (Philippine Pesos). Financial records show that on May 15, 2018 Defendant sent $125.00 plus 4.99 fee ($129.99) which equals approximately $6,267.21 PHP.

On May 3, 2019, a summons was sent to Western Union regarding transactions from Rico Giovanni Machietto to recipients located in the Philippines. Information revealed that between May 2009 and February 2019, Machietto has sent approximately $20,528.96 US Currency to various recipients located in the Philippines.

On January 23, 2020, the defendant was administered his Miranda Rights and after indicating he understood those rights, waived his rights and admitted to Agent Stephen Reuther that he used the alias of "Rich Caballero" as his username on Facebook to communicate with various underage females. In addition to using the username "Rich Caballero", Defendant admitted to using username "John Fattor" to communicate with a minor he identified as "Rose". The Defendant also admitted to using the alias of "Giovanni Fattorini" when conducting money transfers to the girls he communicated with via Facebook in exchange for the nude/sexual photographs as well as non-nude/non-sexual photographs.

### FORENSIC EXAMINATION OF IMAGES AND VIDEO

HSI Computer Forensics Agent Joseph Mirino conducted an examination of Defendant's Apple MacBook and found 106 binary unique image files and 1 binary unique video, of child pornography as defined by Title 18 U.S.C. Section 2256(8)(A). The date of creation of the files ranged between July 1, 2017 to November 17, 2019. Additionally,

Defendant was in possession of approximately 2,200 images of females that were deemed to be "age difficult" or child erotica.

The Defendant knowingly used an Apple laptop computer, which is a digital device manufactured in China, and as such qualifies as a facility or means of interstate and foreign commerce to possess images and videos of child pornography in violation of Title 18 U.S.C. Section 2252A(a)(5)(B).

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution. _PM_

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that

would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States. _RM_

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure. _RM_

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States. _RM_

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations. _RM_

### Restitution

21. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal

12

conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2). Defendant understands that the amount is to be no less than $3,000.00 per victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court. _RM_

### Forfeiture

22. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture and in any supplemental Notices is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: _RM_

1) Apple laptop computer

23. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. _RM_

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A). _RM_

25. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding. _RM_

### Fines

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding. _RM_

### Notification of the Sex Offender Registration and Notification Act

27. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and

14

understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both. *RM*

## Complete Agreement

28. This written plea agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty. *RM*

29. Any modification of this plea agreement must be in writing and signed by all parties. *RM*

_____
RICO GIOVANNI MACHIETTO
Defendant

APPROVED:

JENNIFER B. LOWERY
United States Attorney

By: _____
Ana C. Cano
Assistant United States Attorney
Southern District of Texas

_____
Edmund K. Ciganiewicz
Attorney for Defendant

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. B-21-260 |
| RICO GIOVANNI MACHIETTO, Defendant | § § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     _Sept 30, 2021_
Attorney for Defendant        Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     _Sept 30, 2021_
Defendant                     Date

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

OCT 0 5 2021

NATHAN OCHSNER
CLERK OF COURT